# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JORDAN DINGILLO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16-cv-5094 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| CORRECT CARE SOLUTIONS, LLC, KWAKU ABROKWAH; D'ANN DELAP, LPN; AMY GREGORY, NP; KAMRAN HASHEMI, MD; PARISE HOSEY; PAMELA HILL, LPN; YOUNG KIM; JOANA SEFAH; P. ALLEN, RN, and OTHER UNKNOWN PERSONS ACTING UNDER COLOR OR STATE LAW, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, Defendant Correct Care Solutions, LLC's motion to dismiss [67] is granted. Given that no other Defendants have been served and that the time for service under Rule 4(m) lapsed almost two months ago, this case will be dismissed. The claims against Defendant Correct Care Solutions, LLC will be dismissed with prejudice with a final judgment to be entered in favor of Correct Care Solutions, LLC and against Plaintiff. The claims against the remaining, unserved Defendants are dismissed without prejudice.

## STATEMENT

By way of background, Plaintiff commenced this action by filing a *pro se* complaint on May 9, 2016. The Court granted Plaintiff's motion for attorney representation [see 8]. With the assistance of counsel, Plaintiff filed three amended complaints [18, 29, 65]. At one point in this litigation, the Court dismissed the case for want of prosecution after counsel temporarily lost contact with Plaintiff [see 57]. However, the Court granted Plaintiff's motion to reinstate the case [61] after counsel located his client and secured his cooperation to file the operative complaint [65] on August 14, 2018.

Since that time, the docket reflects service on only one Defendant, Correct Care Solutions, LLC. There is no indication that any other Defendant has been served: no return of service; no appearance by counsel; no request for extension of the time for service under Rule 4(m). The one served Defendant has filed a motion to dismiss [67] and a reply brief [68], although no brief in opposition was filed. This is a puzzling situation to say the least.

Turning first to the motion to dismiss, the Seventh Circuit repeatedly has held that district courts act within their discretion in treating the failure to respond to a motion to dismiss as a waiver by the defaulting party. See *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court. We apply that rule where a party fails to develop arguments related to a discrete issue, and we also apply that rule where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss"); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. . . . In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so."). This Court has followed that guidance in other cases. See *Golbeck v. Johnson Blumburg & Assocs.*, 2017 WL 3070868, at *5 (N.D. Ill. Jul. 19, 2017) ("A party's failure to respond to arguments that the opposing party makes in a motion to dismiss operates as a waiver or forfeiture of the claim as an abandonment of any argument against dismissing the claim. The federal courts will not invent legal arguments for litigants. . . . [T]he non-moving party must proffer some legal basis to support his cause of action when faced with a motion to dismiss. By failing to respond responsively to the motion to dismiss, Plaintiff forfeited his right to continue litigating his claim."). The absence of a response brief in opposition to Defendant's motion to dismiss provides strong indication that Plaintiff either lacks a persuasive argument or has abandoned any interest in pursuing this litigation, or both. As the authorities cited above indicate, the Court need not do Plaintiff's work for him; instead, any arguments are deemed waived and judgment for Defendant Correct Care Solutions, LLC will be entered.

That leaves for discussion the claims against the remaining Defendants, all of whom apparently have not been served. The time for service under Rule 4(m) lapsed sometime in mid-November. In the absence of a request to extend the time for service, the Court dismisses the claims against the unserved Defendants without prejudice. Of course, as Defendant points out, "a dismissal 'without prejudice' does not mean without consequence," for any refiled complaint "must satisfy the statute of limitations." *Powell v. Stewart*, 866 F.2d 964, 966 (7th Cir. 1989). Even with timely service, the two-year statute of limitations for Section 1983 claims may have been an insurmountable burden for Plaintiff to overcome (absent a persuasive tolling argument), given that the allegedly inadequate medical treatment about which he complains took placed in August and September 2015. This dismissal order thus may amount to nothing more than flogging an already dead horse.

Dated: January 8, 2019

_____
Robert M. Dow, Jr.
United States District Judge